## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER GRAY, sui juris, Trustee of The
Eeon Foundation's "4th AMENDMENT SECURE IN ONE'S
PROPERTY IRREVOCABLE MICRO-TRUST (created July 11, 2024)

  Plaintiff,          Case No. 2:25-cv-11516
                Hon.

v.


DETROIT LAND BANK
AUTHORITY,
DETROIT BUILDINGS, SAFETY
ENGINEERING, AND
ENVIRONMENTAL DEPARTMENT,
BBK TOWING AND RECOVERY,
AND MOHAMMAD SALEH, in his
individual and in his official capacity.

  Defendants.

---

| CHRISTOPHER GREAY | CHERYL L. RONK (P54897) |
|---|---|
| 19375 Kentfield | Attorney for Defendant City |
| Detroit, MI 48219 | 2 Woodward, Suite 500 |
| | Detroit, MI 48226 |
| | ronkc@detroitmi.gov |

---

### Notice of Removal of Civil Action

  Under 28 U.S.C. § 1441, Defendant City of Detroit removes this civil action
predicated upon the following:

1. On April 23, 2025, plaintiff commenced this action in the Third Judicial
  Circuit of Michigan.  This action is now pending before that court.

2.      Defendant Mohammad Saleh was allegedly served with the summons and complaint on or about May 6, 2025.

3.      The above entitled action is a civil suit for alleged civil rights violations in which plaintiff seeks compensatory and punitive damages, allegedly arising, in part, from a violation or deprivation of rights under the United State Constitution, as more fully appears in the copy of the complaint attached to this notice.

4.      This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

5.      Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.

6.      Copies of all process, pleadings, and orders served upon the defendant in this matter are attached.

7.      This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the Defendant.

8.      The undersigned has prepared a written notice of the removal of this action. Such notice has been provided to counsel for Plaintiff and to the clerk of the court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record by first class mail and email.

9.      Based upon the authorities and facts recited above, Defendant removes the above-entitled action to this Court.

                                        /s/ *Cheryl L. Ronk*
                                        Cheryl L. Ronk (P54897)
                                        Senior Assistant Corporation
                                        2 Woodward Avenue, Suite 500
Dated: May 22, 2025                     Detroit, Michigan 48226

**Certificate of Service**

The undersigned certifies that on May 22, 2025, she served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

*/s/ Cheryl L. Ronk*
Cheryl L. Ronk

25-006017-CZ FILED  IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   4/23/2025 1:05 PM   Carla Keefe

## IN THE THIRD CIRCUIT COURT
## COUNTY OF WAYNE
## STATE OF MICHIGAN

CHRISTOPHER GRAY, sui juris, Trustee of                                        CZ

The Eeon Foundation's "4th AMENDMENT SECURE IN ONE'S

PROPERTY IRREVOCABLE MICRO-TRUST" (created July 11, 2024)

Plaintiff,

v

Detroit Land Bank Authority (DLBA)

Detroit Buildings, Safety, Engineering and Environmental Department

BBK Towing and Recovery

Mohammed Saleh, individually and in official capacity

Defendants,

---

Defendants, Parties and attorneys may also include Ms., Mr., or Mx. as a preferred form of address and one of the following personal pronouns in the name section of the caption: he/him/his, she/her/hers, or they/them/theirs. Courts must use the individual's name, the designated salutation or personal pronouns, or other respectful means that are not inconsistent with the individual's designated salutation or personal pronouns when addressing, referring to, or identifying the party or attorney, either orally or in writing.

THERE IS A PRIOR CASE  CHRISTOPHER GRAY v DETROIT LAND BANK AUTHORITY, DETROIT BUILDINGS, SAFETY, ENGINEERING AND ENVIRONMENTAL DEPARTMENT CASE NO. 25-005813-CZ JUDGE CHARLENE M ELDER

### COMPLAINT

## I. PARTY STATUS AND JURISDICTION

1. Plaintiff, Christopher Grays, appears sui juris as the lawful trustee of the

above-named trust, fully competent and legally empowered to act in this capacity, not under any legal disability or guardianship.

2. Jurisdiction and venue are proper in this Court as the events giving rise to this complaint occurred within its jurisdiction.

## II. STATEMENT OF FACTS

1. Plaintiff is trustee of The Eeon Foundation's "4th AMENDMENT SECURE IN ONE'S PROPERTY IRREVOCABLE MICRO-TRUST," which holds legal title to the following vehicles and trailer:

   1961 International Scout 80

   1989 Merkur XR4ti

   1969 Travco 270

   1993 Honda Acty

   9 foot trailer

2. On or about March 24th, 2025,, Defendants, acting in concert, caused the removal of these vehicles and trailer from property associated with DLBA.

3. No notice compliant with MCL 257.252k was posted at any entry point or on the property for at least 24 hours prior to removal, as required by Michigan law.

4. Plaintiff, as sui juris trustee with full legal documentation, was present at the time of removal and asserted the trust's rights. The DBSEED agent refused to recognize Plaintiff's lawful authority, instructed Plaintiff to "stand down," and threatened police involvement if Plaintiff attempted to move the vehicles.

5. BBK Towing and Recovery, at the direction of DBSEED and DLBA, removed the vehicles and trailer, causing loss of use, time, and inconvenience.

## III. CLAIMS FOR RELIEF

A. Violation of Michigan Towing Law MCL 257.252k)

   Defendants failed to post the required notice for at least 24 hours before towing, as mandated by MCL 257.252k.

   No statutory exception applies; the only "personal notice" was given at the time of

removal, not in advance.

B. Violation of Trustee Rights and Due Process

Plaintiff, as sui juris trustee, is a "legally entitled person in control of the vehicle" under Michigan law (MCL 257.252d(2); In re Estate of Huntington, 339 Mich. 559).

Defendants' refusal to recognize Plaintiff's authority and threat of police action, despite clear documentation, constitutes deprivation of property without due process (Fourteenth Amendment; Fuentes v. Shevin, 407 U.S. 67).

C. Unreasonable Seizure Fourth Amendment)

The warrantless, nonconsensual seizure of trust property without proper notice or opportunity to object constitutes an unreasonable seizure under the Fourth Amendment (Soldal v. Cook County, 506 U.S. 56).

IV. DAMAGES

Plaintiff, sui juris trustee, seeks:

Immediate return of all vehicles and trailer, or full restitution for their value. Damages for loss of use, time, and inconvenience, to be proven at trial.

Punitive damages for willful statutory violations and disregard of trust rights. All towing, storage, legal fees, and costs.

V. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Order the immediate return of all vehicles and trailer, or, in the alternative, award full restitution for their value;

2. Award damages for loss of use, time, inconvenience, and punitive damages; 3. Award costs, attorney's fees, and any other relief deemed

just and proper.

If Defendants' idea of "notice" is showing up with a tow truck and a threat, perhaps they should invest in a calendar—and a copy of the Michigan Vehicle Code.

Respectfully submitted,

*Christopher Gray*

Christopher Gray, sui juris, Trustee